S. H. HERRICK v. THE STATE.

No. 15062. Delivered March 16, 1932.
Rehearing Denied April 13, 1932.

The opinion states the case.

*Denman & DeLoney* and *L. B. Fowler,* all of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

The facts show that on a certain morning a group of officers went into a neighborhood in Nacogdoches county, and that for a while much excitement prevailed, especially among certain classes of the population. A witness testified that he saw appellant carry from his back door out across the yard and across an enclosure and into the woods a ten-gallon keg of whisky. The distance same was carried appears variously stated as from one up to three hundred yards. Apparently the defensive theory was that appellant was conveying a keg of whisky which some unknown person had left at his door, out to a place where he could deposit it, his object being to get rid of it. Whether legally available or sound or not, the trial court told the jury that if the liquor in question had been placed by some other party on defendant's premises without his consent, he would have the right to remove the same therefrom, and in this case if they believed or had a reasonable doubt that the intoxicating liquor, if any, was placed on his premises without his consent, and that he was merely removing same therefrom, and had no interest in same, they should find him not guilty.

We find in the record eight bills of exception, each of which has been carefully examined. The first complains of the statement of the witness

who saw appellant carry the keg and put it down in the woods. The witness testified that appellant set the keg down at a place where it was quite thick with undergrowth and that there were sand jacks and all kinds of little growth where the keg was setting, and that after he set it down he pulled little stuff toward the keg "like he was offering to conceal the keg, I reckon". The objection to this statement was that it was the opinion and conclusion of the witness. The witness proceeded to say "that is what he was doing at the time". The keg was not covered all over, but the little stuff was pulled over it on each side, like a I undertook to tell awhile ago". We see nothing objectionable in the testimony. The witness detailed what he saw, and the clear inference from it was that appellant was trying to concal the keg. We see no possible harm that could come to appellant from this expression regarding the facts.

The state did not claim to have found appellant at any still, but its evidence manifested the contrary. We see no error in refusing to permit appellant to show by state witness Cook that they found a still and that appellant was not there. We find nothing in the record indicating that the state was trying to connect appellant with the still in question, and see no error in the refusal to permit the defense to show on cross-examination of a state witness that he had no information that appellant was connected with said still. For the same reason we see no error in the rejection of testimony upon cross-examination of one of the parties who was at the still, as to who he brought out from down where the still was. Other bills of exception present substantially the same matters, and we do not deem it necessary to discuss them.

There is complaint of the fact that the state was permitted to ask appellant while a witness if he had worked for the state and in what capacity. Appellant answered that he had been a guard in the state penitentiary. We think the hypothesis of appellant that this reflected upon him in some way, to be without any foundation.

It is also shown that after appellant testified that he worked as a convict guard for three months, he was asked why he worked no longer, and that this question by the state was objected to by appellant and the objection sustained. We fail to see any reason for or against such question, but in the absence of some showing of possible injury we would not think it constitutes reversible error.

Finding no reversible error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains at the statement in our original opinion that a witness testified that he "saw appellant carry from his back door out across the yard and across an enclosure and into the

woods a ten gallon keg of whisky." If the language is susceptible of the construction that witness actually saw appellant come out of the door with the whisky we may have been inaccurate. In one place witness said, "They (referring to appellant and Joe Ramos) came out from the back. * * * I would say the back of the house like, or side, *out through a little door.*" Later witness said appellant was some three or four steps from the door when witness first saw him with the keg of whisky. In the light of the case generally the difference in the statements seem to be of no consequence.

Appellant complains that he was not permitted to show that he was not found at a certain still raided by the officers. One of the bills relating to the matter is qualified by the court's statement that the witness being interrogated was shown not to have been at the still and that the evidence sought from said witness was hearsay. In the other bill complaint is brought forward that appellant was not permitted to show that the officers had no information connecting appellant with the still which the officers testified that were looking for and about which they had been informed. This bill is qualified by the statement that the witness was permitted to state that he had no information that appellant was connected with the still. The statement of facts shows that the state's witnesses on direct examination testified they were looking for a still but made no statement with reference to any information regarding it; on cross-examination it was elicited by appellant that they had information that somebody was running a still in the neighborhood, and also that the officers had no information that appellant was connected with the operation of the still. We discover no error in the former disposition of the case.

The motion for rehearing is overruled.

*Overruled.*